UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tanaka Birdo, | Case No. 24-cv-1746 (JRT/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| S. Rykken, Associate Warden; Korts, Captain; Haugen, Lieutenant; Tera Filhbar, Correctional Officer; Poppen, Lieutenant; and Travis Schlagner, Director Reshape Treatment, | |
| Defendants. | |

This matter is before the Court on Plaintiff Tanaka Birdo's applications to proceed *in forma pauperis* ("IFP") ("IFP Applications") (ECF Nos. 2, 9). On May 17, 2024, the Court ordered Mr. Birdo to show cause why he should not be found ineligible to proceed IFP in this matter under the three-strikes provision of 28 U.S.C. §1915(g) ("Three Strikes Rule"). (*See* ECF No. 3.) In its Order to Show Cause, the Court explained that because Mr. Birdo was a prisoner[1] within the meaning of section 1915(h) when he commenced this action, and it appeared that Mr. Birdo—while also a prisoner—had previously initiated three lawsuits in federal court that ended in dismissal for failure to state a claim on which relief may be granted, he must show cause as to why this matter should not be dismissed under the Three Strikes Rule. *Id.* The Court explained that, absent a sufficient explanation, under the Three Strikes Rule Mr. Birdo would be barred from

---

[1] Mr. Birdo was released from prison after the date he filed this action. His release is not relevant for purposes of the Three Strikes Rule, however, because a litigant's status at the time the action is commenced determines whether the litigant is a "prisoner" for purposes of section 1915. *See, e.g.*, *Williams v. Scalleta*, 11 F. App'x 677, 678 (8th Cir. 2001) (per curiam).

1

proceeding IFP in this matter unless he could establish he was in imminent danger of serious physical injury. (*Id.*)

Mr. Birdo responded to the Court's Order to Show Cause on June 20, 2024, in a filing styled as a second IFP Application (ECF No. 9). Mr. Birdo does not deny that he was the litigant who initiated the three lawsuits the Court identified as being "strikes" for purposes of The Three Strikes Rule. (*See id.*) Instead, Mr. Birdo offers arguments as to why he should be permitted to proceed IFP in this matter anyway. (*Id.*) None of his arguments are availing.

First, Mr. Birdo states that he does not have a job and will be unable to pay the filing fee for this case unless IFP status is granted. (*Id.* at 1.) It is almost certainly true that, if not for the Three Strikes Rule, Mr. Birdo would qualify financially for IFP status. The problem for Mr. Birdo is that the Three Strikes Rule removes the question of his financial eligibility from consideration. *See* 28 U.S.C. §1915(g). All that matters is whether Mr. Birdo previously filed three or more civil actions in federal court that were dismissed as frivolous, malicious or failing to state a claim on which relief may be granted. *See id.*

Second, Mr. Birdo argues one of the dismissals the Court identified in its Order to Show Cause should not count as a "strike" because his claim was dismissed on grounds of qualified immunity rather than failure to state a claim on which relief may be granted. (ECF No. 9 at 2.) But as the Court explained in its Order to Show Cause, the finding of qualified immunity was entirely superfluous, and Mr. Birdo interprets the decision too narrowly. Rather, the court in that case found Mr. Birdo *had* failed to state a claim on which relief may be granted, but provided the alternative ground that, even if he had stated a viable claim, the complaint would be subject to dismissal based on qualified immunity. (ECF No 3 at 2 n.1, citing *Birdo v. Hutchison*, No. 20-CV-1925 (MJD/ECW) (ECF No. 51 at 22) (D. Minn. July 28, 2021).) That the complaint would

have been subject to dismissal on more than one ground does not change the fact that the complaint *was* dismissed for failure to state a viable claim for relief—and because the complaint was dismissed for failure to state a viable claim for relief, the dismissal counts as a strike under the Three Strikes Rule.

Third, Mr. Birdo argues the courts deciding his previous lawsuits simply got things wrong and should not have concluded that he failed to plead viable claims for relief.  (ECF No. 9 at 2-3.) But "all that matters for the purpose of counting strikes is what the earlier court actually did, not what it ought to have done." *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 438-39 (D.C. Cir. 2007).  "[T]his Court may not look beyond the substantive grounds for dismissal provided for by the dismissing court and conclude that an action should have been dismissed for another reason, or not dismissed at all."  *Kurtenbach v. Reliance Telephone Services*, No. 21-CV-2376 (DSD/TNL), 2021 WL 5784722, at *3 (D. Minn. Dec. 7, 2021).

Mr. Birdo's response to the Order to Show Cause confirms he filed three previous lawsuits, each of which was dismissed for failure to state a claim on which relief may be granted: *Birdo v. Hutchison*, No. 20-CV-1925 (MJD/ECW) (D. Minn. filed Sept. 9, 2020); *Birdo v. Marion County Sheriff's Department*, No. 3:09-CV-0549 (JPG) (S.D. Ill. filed July 23, 2009); and *Birdo v. Chapleau*, No. 3:96-CV-0515 (CRS) (W.D. Ky. filed July 29, 1996).  Those dismissals render Mr. Birdo ineligible to proceed IFP in this case, *see* 28 U.S.C. § 1915(g), and the Court denies his IFP Applications on that basis.  If Mr. Birdo intends to proceed with this lawsuit as a non-IFP litigant, he must pay the $405.00 filing fee for this matter by **July 15, 2024**, failing which the Court may recommend that this matter be dismissed without prejudice for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Tanaka Birdo's applications to proceed *in forma pauperis* (ECF Nos. [2], [9]) are **DENIED**.

2. Mr. Birdo must pay the $405.00 filing fee for this matter by **July 15, 2024**, failing which the Court may recommend that this matter be dismissed without prejudice for failure to prosecute.

Dated: June 24, 2024                              *s/ Dulce J. Foster*
                                                  DULCE J. FOSTER
                                                  United States Magistrate Judge