UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tanaka Birdo, | Case No. 24-cv-1746 (JRT/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| S. Rykken, Associate Warden; Korts, Captain; Haugen, Lieutenant; Tera Filhbar, Correctional Officer; Poppen, Lieutenant; and Travis Schlagner, Director Reshape Treatment, | |
| Defendants. | |

This matter is before the Court on Plaintiff Tanaka Birdo's self-styled Request for a Civil Attorney ("Motion") (ECF No. 21). Mr. Birdo is an inmate at Minnesota Correctional Facility-Rush City. (ECF No. 17.) He requests assistance from an attorney because he "does not have a degree in law, he has no way to research, access to computers, etc." and because he already has "three strikes" under 28 U.S.C. § 1915(g). (ECF No. 21 at 1-2.)

There is no constitutional or statutory right to appointed counsel in civil litigation. *See, e.g.*, *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (quoting *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)). Whether to appoint counsel in a civil proceeding like this one is a decision "committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) (citing cases). Factors to consider include: "(1) the factual complexity of the issues; (2) the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability [of the] indigent person to present the claims; and (5) the complexity of the legal arguments." *Crozier*, 973 F.3d at 889 (citing cases).

1

While the Court recognizes Mr. Birdo's desire for the appointment of counsel, it denies his Motion because it is not apparent that appointment of counsel is necessary. Mr. Birdo has thus far successfully presented his claims in his Complaint (ECF No. 1) with reasonable clarity, and the Court cannot know at this early stage of the litigation whether either the factual or legal basis for those claims will prove so complex that an unrepresented litigant could not prosecute those claims on his own behalf. And at this early stage of the proceeding, there is also no reason to believe that conflicting testimony will present any difficulties. The *Crozier* factors therefore weigh in favor of denying Mr. Birdo's request for appointment of counsel at this stage in the proceedings. Mr. Birdo argues his previous "strikes" demonstrate his need for representation, but the fact that he has filed three meritless lawsuits in the past is not a justification for granting him counsel in this one.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Plaintiff Tanaka Birdo's self-styled Request for a Civil Attorney (ECF No. [21]) is **DENIED WITHOUT PREJUDICE**.

Dated: August 26, 2024                    *s/ Dulce J. Foster*
                                          DULCE J. FOSTER
                                          United States Magistrate Judge